IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Lee Haygood, Jr., ) | C/A No.: 3:22-4043-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Officer J. F. Boozer, Lexington ) | ORDER AND NOTICE |
| County Sheriff's Dept., and the ) | |
| County of Lexington, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Vernon Lee Haygood, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Officer J. F. Boozer ("Officer Boozer"), Lexington County Sheriff's Department ("Sheriff's Department"), and the County of Lexington ("Lexington County") (collectively "Defendants"). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

I.     Factual and Procedural Background

Plaintiff alleges that on September 4, 2021, Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights and deprived him of his liberties and freedom. [ECF No 1 at 3, 5]. He requests the court award him $100,000 in actual damages and $200,000 in punitive damages. *Id.* at 5.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Insufficient Allegations and Conclusory Claims

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution).

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

4

Although Plaintiff alleges Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights, he has not provided facts to support this conclusory claim. He describes no specific actions that gave rise to the alleged violations of his constitutional rights, noting only that he was deprived of his liberties and freedom. His complaint does not contain sufficient factual allegations to support constitutional wrongdoing or discriminatory actions attributable any specific defendant. Therefore, Defendants are subject to summary dismissal.

2.      Sheriff's Department Not a "Person" Under § 1983

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because it is not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp 1368, 1370 (N.D. Ga. 1984) (dismissing police department as a defendant because it was merely a vehicle through which city government fulfills policing functions). Here, Sheriff's Department is comprised of a group

5

of individuals and is not considered a "person" under § 1983. Therefore, Sheriff's Department is subject to summary dismissal.

       3.    *Monell* Claim

Plaintiff also purports to bring a *Monell* claim against Lexington County. In *Monell v. Dept of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, n.54 (1978), the Supreme Court held municipalities and "other local government units" that are not considered part of the State for Eleventh Amendment purposes are "persons" amenable to suit pursuant to § 1983 for official policies and customs that violate a federal right. However, the doctrine of supervisory liability is generally inapplicable to § 1983 suits, absent an official policy or custom that results in illegal action. *See Monell*, 436 U.S. at 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Further, "municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citing *Monell*, 436 U.S. at 692-94). Plaintiff's general allegation that Lexington County has violated his Fourth, Fifth, and Fourteenth Amendment right lacks specificity sufficient to constitute an official policy under *Monell*. Therefore, Plaintiff's *Monell* claim is subject to summary dismissal.

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **December 7, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 16, 2022                              Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge