IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Lee Haygood, Jr., <br><br> PLAINTIFF, <br><br> v. <br><br> Officer J.F. Boozer, Lexington County Sherriff's Dept., and the County of Lexington, <br><br> DEFENDANTS. | Civil Action No. 3:22-cv-04043-TLW <br><br><br> **ORDER** |

This is a *pro se* action brought by Plaintiff Vernon Lee Haygood, Jr., pursuant to 42 U.S.C. § 1983 against. ECF No. 1. Plaintiff filed his complaint on November 11, 2022, against the above-named Defendants and alleges they violated his constitutional rights. *Id.* This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 13. No objections have been filed to the Report and the deadline for filing them has now expired. This matter is therefore ripe for the Court's review.

The Report recommends that the Court dismiss Plaintiff's complaint without prejudice in accordance with Fed. R. Civ. P. 41, which provides dismissal for failure to prosecute, comply with the Federal Rules of Civil Procedure, or a court order. *Id.* at 2. The magistrate judge's recommendation is based Plaintiff's failure to file an amended complaint in accordance with two of her prior orders. *Id.* at 1. Plaintiff only alleges the following facts supporting his claims:

> On September 4, 2021 the plaintiff civil and constitutional rights were violated officer J.F. Boozer of the Lexington County Sherriff Dept. On that date September 4, 2021 the Plaintiff Vernon Haygood Jr. were deprived of his liberties freedom and basic.

ECF No. 1. at 5. On November 16, 2022, the magistrate judge issued an order advising him that his complaint "failed to provide sufficient factual allegations to support his complaint" and instructed him to file an amended complaint. ECF No. 9 at 1. That same day the magistrate judge issued a second order which specifically outlined the deficiencies in Plaintiff's complaint as pled. ECF No. 10. Plaintiff did not file an amended complaint correcting these deficiencies.

The Report concludes that Plaintiff's complaint fails to state a claim under § 1983. ECF No. 13 at 3. First, his complaint "describes no specific actions, conduct, or injury that gave rise to the alleged violations of his constitutional rights, noting only that he was deprived of his liberties and freedom." *Id.* at 5. Thus, "[h]is complaint does not contain sufficient factual allegations to support constitutional wrongdoing or discriminatory actions attributable any specific defendant." *Id.* Second, his complaint fails to state a claim against the Lexington County Sherriff's Department because it is not "considered a legal entity subject to suit" under § 1983. *Id.* (collecting cases). Finally, the Report notes that "Plaintiff's general allegation that Lexington County has violated his Fourth, Fifth, and Fourteenth Amendment right lacks specificity sufficient to" enable him to bring a suit against Lexington County pursuant to § 1983." *Id.* at 6.

As noted above, Plaintiff has not filed objections. The Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation

to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed Plaintiff's complaint, the Report, and other relevant filings. The magistrate judge recommends dismissal without prejudice under (1) Rule 41 of the Federal Rules of Civil Procedure, (2) insufficient allegations and conclusory claims, (3) under § 1983, and (4) under *Monell* v. *Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, n.54 (1978). For the reasons stated by the magistrate judge, the Report, ECF No. 13, is **ACCEPTED**.

**IT IS SO ORDERED.**

__s/Terry L. Wooten_____<br>
Senior United States District Judge

March 27, 2023
Columbia, South Carolina